IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DAVID DWAYNE CASSADY, | ) |
| Plaintiff, | ) |
| v. | ) CV 109-128 |
| VICTOR L. WALKER, Warden, et al., | ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 22).[1] The Magistrate Judge recommended that Defendants' Motion to Dismiss be denied with respect to Plaintiff's 42 U.S.C. § 1983 individual capacity claims for money damages based on environmental tobacco smoke ("ETS") exposure and deliberate indifference to his medical needs. The Magistrate Judge recommended that the Motion to Dismiss be granted as it pertained to Plaintiff's official capacity claim against Defendant Walker for injunctive relief, which the Magistrate Judge recommended that the Court dismiss without prejudice.

Defendants first object to the Magistrate Judge's conclusion that Plaintiff adequately pled an Eighth Amendment claim. As to the objective component of Plaintiff's Eighth Amendment ETS claims, Defendants argue that Plaintiff's allegations as to the degree and frequency of his ETS exposure are insufficient because he only alleged exposure for several

---

[1] Plaintiff has responded to Defendants' objections. (Doc. no. 23.)

months, he only presented an "unsupported percentage (92%) as the total number of inmates who smoked," and he "fails to provide any specific areas where the smoking may have occurred or contend that there was inadequate ventilation . . . ." (Doc. no. 22, pp. 3-4.)

Defendants' objections relating to the objective component lack merit. Plaintiff's allegation of "several months" of ETS exposure is sufficient to state an ETS claim, especially in conjunction with the other allegations in his complaint regarding the degree and frequency of his ETS exposure. Cf. Whitley v. Hunt, 158 F.3d 882, 888 (5th Cir. 1998) (allegations of 13 weeks of exposure sufficient to state Eighth Amendment ETS claim) *overruled on other grounds by* Booth v. Churner, 532 U.S. 731 (2001). And contrary to Defendants' contentions, Plaintiff does not have to provide evidentiary support as to the percentage of inmate smokers to avoid dismissal at the pleading stage. Nor is Plaintiff required to plead facts such as a lack of ventilation to state a claim. While this may be a relevant factor in deciding the merits of an ETS claim, see Kelley v. Hicks, 400 F.3d 1282, 1285 (11th Cir. 2005), it is not a pleading requirement.

With respect to the subjective component of Plaintiff's ETS claim, Defendants object that Plaintiff's allegations fail to show deliberate indifference. Specifically, Defendants argue that Plaintiff's correspondence did not put Defendants on notice of an excessive health risk because Plaintiff merely alleges that he "sent correspondence to Defendants Walker, Wilkes, and Evans stating that inmates smoked and therefore they were on notice of high ETS levels." (Doc. no. 22, p. 6.) Defendants also object on the basis that failure to properly address Plaintiff's grievances cannot give rise to an Eighth Amendment claim.

Defendants' objections regarding the subjective component also miss the mark. First,

the Court notes that apart from his correspondence and grievances, Plaintiff has alleged that Defendants Walker, Wilkes, and Evans were subjectively aware of Plaintiff's ETS exposure and the risks it posed because of the separate ETS case he filed prior to this one in which he received preliminary injunctive relief that operated against prison officials at Augusta State Medical Prison. See Cassady v. Owens, CV 408-250 (S.D. Ga. Nov. 9, 2009). Furthermore, contrary to Defendants' assertions, Plaintiff alleged that his correspondence to Defendants Walker, Wilkes, and Evans informed them of his diagnosis of Chronic Obstructive Pulmonary Disease and his medical profile recommending no ETS exposure, as well as the fact that his cell mate smoked in their shared living space. (Doc. no. 13, p. 4.) Furthermore, Defendants' contention that grievance procedures cannot give rise to an Eighth Amendment claim is not relevant to this case, as Plaintiff has not challenged the adequacy of grievance procedures, but rather has asserted that his grievances – along with his correspondence and his other ETS lawsuit – showed that Defendants were subjectively aware of the risk that ETS exposure posed to his health.[2]

---

[2] Defendants also object that Plaintiff's complaint fails to show deliberate indifference on the part of Defendants Garnett and Scott because Plaintiff fails to allege a serious medical need for the treatments that those Defendants allegedly failed to administer. The Magistrate Judge specifically noted in the R&R that Defendants did not question in their Motion to Dismiss whether Plaintiff had a serious medical need for those treatments. (Doc. no. 21, p. 12 n.4.) Because Defendants are raising this issue for the first time in their objections to the R&R, the Court will not give this argument consideration. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.")

In addition, Defendants' separate objection on the basis of qualified immunity relies solely on the contention that Plaintiff has not shown a constitutional violation because he has not adequately pled deliberate indifference. Thus, having determined that Plaintiff has sufficiently alleged deliberate indifference, the Court need give no further consideration to Plaintiff's qualified immunity objection.

3

Defendants also object that Plaintiff "seeks to hold Defendants Walker, Wilkes, and Evans liable merely based on their positions of authority" in that he merely "challenge[s] the prison officials' denials of his grievances, not disregard of an excessive risk." (Doc. no. 22, p. 8.) This objection warrants little consideration, as Plaintiff's Amended Complaint does not challenge the denials of his grievances. Nor does Plaintiff seek to hold any Defendant liable for the actions of lower-level prison officials. Because Plaintiff seeks to hold Defendants Walker, Wilkes, and Evans liable for their individual roles in refusing to provide him smoke-free housing, Defendants' objection premised on vicarious liability lacks merit.

Defendants further object to the Magistrate Judge's recommendation that Plaintiff's official capacity claim for injunctive relief be denied without prejudice. Defendants assert that it should instead be dismissed with prejudice because Plaintiff's transfer to another facility rendered his claim for injunctive relief moot. (Doc. no. 22, p. 10.) However, Defendants have cited no authority for the proposition that such a claim may be dismissed with prejudice for mootness, when the usual rule is that non-justiciable claims should be dismissed without prejudice. See Alabama *ex rel.* Baxley v. Woody, 473 F.2d 10, 14 (5th Cir. 1973).[3] Likewise, Defendants object to the provision of "prospective relief" in the form of an injunction, but fail to show how dismissing a claim for injunctive relief without prejudice equates to granting prospective relief. Moreover, Defendant's objections relating to the grant of a preliminary injunction are completely inapposite, as Plaintiff has not requested a preliminary injunction in this case. The Court therefore finds that Defendants'

---

[3]In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

objections to the Magistrate Judge's recommendation that Plaintiff's official capacity claim be dismissed without prejudice do not warrant departure from the conclusions in the R&R.

For the reasons set forth above, Defendants' objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendants' Motion to Dismiss (doc. no. 16) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's official capacity claim against Defendant Walker for injunctive relief is **DISMISSED** without prejudice, and Defendants' Motion to Dismiss is **DENIED** with respect to Plaintiff's § 1983 claims for monetary damages against all Defendants in their individual capacities.

In addition, as stated in the R&R, Defendants must submit their answer within fourteen (14) days of this Order. Also, the parties must confer as required by Fed. R. Civ. P. 26(f) and submit to the Court a proposed Rule 26(f) joint scheduling order within fourteen (14) days of this Order. Upon review of the joint proposal, the Magistrate Judge will issue an order setting the remaining deadlines in the case.

SO ORDERED this 23rd day of November, 2010, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

5