IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DAVID DWAYNE CASSADY,         *
                              *
        Plaintiff,            *
                              *      CV 109-128
    v.                        *
                              *
VICTOR L. WALKER, Warden;     *
SCOTT WILKES, Deputy Warden;  *
VERNEAL S. EVANS, Captain;    *
STEVEN SCOTT, Lieutenant; and *
EDMOND GARNETT, Nurse;        *
                              *
        Defendants.           *

**O R D E R**

Plaintiff David Cassady initiated this action *pro se* on October 16, 2009. After retaining counsel, Plaintiff filed an amended complaint on April 1, 2010, asserting two sets of claims. First, Plaintiff alleges that Defendants Walker, Wilkes, and Evans acted with deliberate indifference to both his *present* and *future* health by exposing him to unreasonably high levels of environmental tobacco smoke ("ETS"). (See doc. no. 46, at 2; Am. Compl. ¶ 40.) Second, he alleges that Defendants Garnett and Scott acted with deliberate indifference to his present and future health needs by interfering with treatments prescribed for his respiratory conditions. (See doc. no. 46, at 2-3; Am. Compl. ¶ 41.)

At the summary judgment stage in the proceedings, the United States Magistrate Judge issued a report and recommendation that Defendants' motion for summary judgment be granted in part and denied in part. (Doc. no. 46, at 28.) More specifically, as to Plaintiff's first set of claims, the Magistrate Judge recommended that Defendants' motion should be denied. As to Plaintiff's second set of claims, the Magistrate Judge recommended that Defendants' motion should be granted. The Magistrate Judge ultimately recommended that the "case should proceed to trial only on Plaintiff's ETS claims against Defendants Walker, Wilkes, and Evans." (Id. at 29.)

After a careful *de novo* review of the file, the Court adopted the report and recommendation. The Court held that "the case shall proceed to trial only on Plaintiff's Eighth Amendment claims against Defendants Walker, Wilkes, and Evans for acting with deliberate indifference in exposing him to levels of environmental tobacco smoke that posed an unreasonable risk of serious damage to his *future* health." (Doc. no. 49 (emphasis added).) Defendants Scott and Garnett were dismissed from the case.

At trial, after the close of Plaintiff's case-in-chief, Defendants moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). The Court concluded that Plaintiff had failed to present evidence that Defendants'

2

actions caused a risk to his future health and granted the motion. (See doc. no. 103, at 3.) Judgment was entered in favor of Defendants Walker, Wilkes, and Evans on October 2, 2012. (Doc. no. 95.)

On October 23, 2012, Plaintiff appealed the final judgment and all of the adverse rulings and orders incorporated into the judgment. (Doc. no. 96.) On May 21, 2013, in a per curiam opinion, the Eleventh Circuit affirmed the Court's grant of judgment as a matter of law in favor of Defendants on Plaintiff's future-health claim.

However, the Court of Appeals pointed out a discrepancy in the Magistrate Judge's report and recommendation and the Court's adoption order. As the Court of Appeals correctly noted, this Court specifically limited the trial to Plaintiff's future-health claim. (See doc. no. 49 ("[T]he case shall proceed to trial only on Plaintiff's Eighth Amendment claims . . . for acting with deliberating indifference in exposing him to levels of environmental tobacco smoke that posed an unreasonable risk of serious damage to his *future* health.") (emphasis added).) In the adoption order, the Court stated that it was adopting the Magistrate Judge's report and recommendation, but the report and recommendation never specifically recommended that the district court should grant summary judgment in favor of Defendants on Plaintiff's *present* health claim. The Court of Appeals vacated

3

the Court's adoption order because it "effectively grant[ed] summary judgment in favor of the Defendants on Cassady's present-health claim." (Doc. no. 103, at 6.) The matter was then remanded for the Court "to enter a reasoned order addressing whether the Defendants are entitled to summary judgment on the present-health claim." (Id.)

It is clear that with regards to a prisoner's medical condition, a prison official can violate the Eighth Amendment in two ways. (Doc. no. 103, at 4.) First, a prison official can be deliberately indifferent to a prisoner's existing serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Brown v. Smith, 187 F. App'x 947, 949-50 (11th Cir. 2006). Second, a prison official can be deliberately indifferent to conditions posing a substantial risk of future harm. Helling v. McKinney, 509 U.S. 25, 35 (1993); Kelley v. Hicks, 400 F.3d 1282, 1284 (11th Cir. 2005). The Court has reviewed the Magistrate Judge's report and recommendation and the now vacated adoption order in light of the Eleventh Circuit's guidance and has concluded that it may have erroneously interpreted the report and recommendation to dispose of Plaintiff's present-health claim against Defendants Walker, Wilkes, and Evans.

Accordingly, Defendants are **ORDERED** to re-brief only the portion of their motion for summary judgment that pertains to the present-health claim being asserted against Defendants

Walker, Wilkes, and Evans within twenty-one days from the entry of this Order. Plaintiff will have the customary twenty-one days to respond to Defendants' brief. If Defendants desire to file a reply brief, they shall do so according to Local Rule 7.6. The **CLERK** is directed to **REOPEN** the case.

**ORDER ENTERED** at Augusta, Georgia this ___ day of June, 2013.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA